IN THE MATTER OF A. L. S., ALLEGED INCOMPETENT.

Superior Court of New Jersey
Chancery Division

Decided November 5, 1948.

*Mr. Eugene P. Hutchins,* for the plaintiff.

JAYNE, J. S. C. The complaint, proper in form and substance, is presented to the Chancery Division of this court. It prays for a judgment declaring that one A. L. S. is mentally incompetent and unable to govern herself and her affairs, and requests the appointment of a guardian. The averments of the complaint which are particularly pertinent to the present question are that the alleged incompetent was committed to the New Jersey State Hospital on April 30, 1948, and that she is possessed of personal property of approximately $6,918.08.

The question is whether the issue of alleged incompetency may in the circumstances of the present case be adjudicated at a trial without a jury. The answer is necessarily negative.

True the constitution of 1947 ordained that "The Legislature may authorize the trial of the issue of mental incompetency without a jury." *Art.* 1, *par.* 9. The Legislature, however, has chosen for the present to moderate the exercise of its full power as exemplified by the enactment of *Chapter* 388, *(P. L. 1948)* which reads:

"1. In civil actions or proceedings for the determination of mental incompetency or for the appointment of a guardian for an alleged mental incompetent, the trial of the issue of mental incompetency may be had without a jury pursuant to Rules of the Supreme Court, unless a trial by jury is demanded by the alleged mental incompetent or someone on his behalf."

It is observed that the statutory enactment authorizing the proceedings for the determination of mental incompetency without a jury are confined to those which may be prosecuted in pursuance of the rules of the Supreme Court, and the procedure without a jury is made subordinate to the demand of the alleged incompetent or someone on his behalf for a trial by jury.

*Rule* 3:91–6 of civil practice in the Superior Court reads in part as follows:

"(a) Where the total personal and real estate of the alleged incompetent is not in excess of $2,000 in value and he has been confined in a public mental institution for at least 1 year prior to the

hearing, the court without a jury may, after taking testimony in open court, appoint a guardian for him and fix the amount of the guardian's bond.

"(b) In all other actions and, if the court so directs, in an action referred to in *Rule* 3:91–6 (a), the action shall be tried by a jury, which shall in every case be called from a general panel. If on the trial the person is found to be incapable of governing himself and managing his affairs, the court shall render judgment upon its finding and appoint a guardian for him and fix the amount of the guardian's bond. A motion for a new trial shall be served not later than 30 days after the entry of the judgment."

The rule manifestly permits the court without a jury, after taking testimony in open court, to determine the mental incompetency and appoint a guardian for a mental incompetent where the total personal and real estate of the alleged incompetent is not in excess of $2,000 in value and the alleged incompetent has been confined in a public mental institution for at least one year prior to the hearing, subject of course to the statutory conditions. Even in the circumstances specified in subdivision (a) of the rule the court may direct that the action be tried by a jury.

In all other actions the proceedings shall in obedience to subdivision (b) of the rule be conducted by the court with a jury selected from the general panel.

An inattentive reading of subdivision (b) and the presence of the comma after the clause "and, if the court so directs," seem to have introduced the erroneous impression that subdivision (b) relating to actions other than those comprehended by subdivision (a) only requires trial by jury "if the court so directs." The clause "if the court so directs" appertains only to actions within the limited compass of subdivision (a).